IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DENICE HAWS**  **PLAINTIFF**

v.   Civil No. 1:22cv71-HSO-RPM

**PASCAGOULA-GAUTIER SCHOOL
DISTRICT and MELISSA D'ANGELO**  **DEFENDANTS**

**ORDER GRANTING DEFENDANTS PASCAGOULA-GAUTIER SCHOOL DISTRICT AND MELISSA D'ANGELO'S MOTION [8] TO DISMISS FOR LACK OF JURISDICTION AND DISMISSING PLAINTIFF DENICE HAWS'S CLAIMS WITHOUT PREJUDICE**

BEFORE THE COURT are the Motion [8] to Dismiss for Lack of Jurisdiction filed by Defendants Pascagoula-Gautier School District and Melissa D'Angelo on August 10, 2022, and the Order [10] to Show Cause entered by the Court on October 13, 2022. Plaintiff Denice Haws has not filed a Response to either the Motion [8] or the Court's Order [10], and her time for doing so has passed. *See* L.U. Civ. R. 7(b)(4); Order [10] at 2. After consideration of the Motion, the record, and relevant legal authority, the Court finds that Defendants' Motion [8] to Dismiss should be granted, and Plaintiff's claims should be dismissed without prejudice.

I. BACKGROUND

Plaintiff Denice Haws ("Plaintiff" or "Ms. Haws") filed a Complaint [1] alleging that Defendants Pascagoula-Gautier School District (the "District") and Melissa D'Angelo ("Dr. D'Angelo"), the District's Director of Student Services, abused their power by preventing Ms. Haws from enrolling her three minor

grandsons, over whom she has domiciliary custody awarded by the Caddo Parish Juvenile Court in Shreveport, Louisiana (the "Juvenile Court"), in public school in the District for the 2022-23 school year. *See* Compl. [1] at 5; Ex. [1-2] at 2. Ms. Haws relies upon a February 16, 2022, letter from the District, signed by Dr. D'Angelo, which stated that "District and state policies requires [sic] a certified copy of the order awarding guardianship or custody." Ex. [1-2] at 2. The letter informed Ms. Haws that she would be "required to provide a certified copy of the order awarding custody prior to enrolling [her grandchildren] for the 2022-2023 school year." *Id.* According to Ms. Haws, the Juvenile Court in Louisiana informed her that she would have to appear in person to secure such records, which Ms. Haws states is a 14-hour drive and is not feasible. *See* Compl. [1] at 5-6.

Ms. Haws filed a pro se Complaint [1] in this Court on March 31, 2022, advancing claims against the District and Dr. D'Angelo, in her individual capacity, for violations of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983; the Rehabilitation Act, 29 U.S.C. § 794; and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). *See id.* at 2-3. The Complaint seeks damages and "equitable relief," specifically that the Court grant Ms. Haws's grandchildren's enrollment based upon the legal documentation that she had already provided to the District, and that the Court prevent Defendants from denying enrollment of the children at schools in the District. *Id.* at 5.

The District and Dr. D'Angelo have filed a Motion [8] to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), taking the position that there is no longer

a live case or controversy, such that subject-matter jurisdiction no longer exists. *See* Mot. [8] at 1. According to Defendants, "[a]dditionally, the undisputed facts of this case establish there was never a live case or controversy as the purported violations of Constitutional and federal statutory rights never occurred." *Id.*

The District and Dr. D'Angelo state that it is undisputed that the three minor children were enrolled in the school district by their mother, Hazel Lawrence ("Ms. Lawrence"), for both the 2020-21 and 2021-22 school years. *See* Mem. [9] at 1. All three "have substantive disabilities and are enrolled in special education programs." *Id.* at 2. The two oldest children were withdrawn from school in September 2021, and in February 2022, Haws sought to re-enroll them without Ms. Lawrence's presence by using a copy of the Juvenile Court docket abstract. *See id.*

The Juvenile Court docket abstract stated that on December 6, 2018, the court "plac[ed] the children in joint custody with the mother and maternal grandmother, with grandmother to be the domiciliary custodian" and the children could attend school "in their district which is appropriate as designated by the grandmother." Ex. [1-2] at 9 (emphasis removed). However, the docket abstract did not identify the maternal grandmother by name or otherwise specifically mention Ms. Haws. *See id.* Defendants argue that there was no way for the District to "discern from the abstract that Denice Haws is the unidentified maternal grandmother such that she holds legal custody of these children, and was able to establish bona fide residency within the school district." Mem. [9] at 2.

After this lawsuit was filed, the two oldest children were permitted to re-

3

enroll for the remainder of the 2021-22 school year under an "in loco parentis regulation" under Mississippi law that allowed for enrollment on temporary basis. *Id.* However, Dr. D'Angelo advised Ms. Haws that the District "would require a copy of the final decree from the Louisiana juvenile court to enroll the children for the 2022-23 school year, or the children's mother, Hazel Lawrence, could enroll the children as she had done the previous two years." *Id.* at 3.

Then, while this case was pending, Ms. Haws and Ms. Lawrence enrolled the children "in the ordinary fashion without resort to the loco parentis provisions" for the 2022-23 school year, and Ms. Haws provided the District with a copy of the Juvenile Court's final order awarding her joint legal custody of the minor children, which Defendants state "has removed any impediment which would interfere with her ability to enroll the minor children in the future." *Id.* at 4. For these reasons, the District and Dr. D'Angelo insist that the issues raised in the Complaint are now moot, and that the Court accordingly lacks subject-matter jurisdiction. *See id.* at 5-6. Defendants further argue that no constitutional violation ever occurred, nor were there any violations of the ADA or the Rehabilitation Act, and that Dr. D'Angelo cannot be held individually liable under either statute. *See id.* at 6-9.

On October 13, 2022, the Court required Ms. Haws to show cause why this case should not be dismissed. *See* Order [10] at 1-2. "In light of the procedural posture of this case and Defendants' Motion [8] to Dismiss, the Court question[ed] whether there remains for resolution a live case or controversy under Article III of the Constitution." *Id.* at 2. The Court cautioned Ms. Haws that if she did not file

4

a written response to the Order [10] by October 31, 2022, or if she did not adequately show cause why this case should not be dismissed, the case may be dismissed without prejudice, without further notice to her. *See id.* at 2-3. Ms. Haws has not responded to the Order [10] or filed anything else in this case since before Defendants filed their Motion [8] to Dismiss.

## II. DISCUSSION

A. Relevant legal authority

Defendants move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As the party asserting jurisdiction, Ms. Haws bears the burden of demonstrating that subject-matter jurisdiction exists. *See, e.g., In re S. Recycling, L.L.C.*, 982 F.3d 374, 383 (5th Cir. 2020); *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019).

> A district court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (quotation omitted). Here, the Court considers Ms. Haw's Complaint [1] as well as the undisputed facts in the record. *See id.*

"Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quotation omitted). "Article III of the Constitution affords federal courts the power to resolve

5

only actual controversies arising between adverse litigants," *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (quotation omitted), as the judicial power set forth in Article III is extended only to "Cases" and "Controversies," *see Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 799 (5th Cir. 2012) (quoting U.S. Const. art. III, § 2).   The core of the case-or-controversy requirement is a "triad of injury in fact, causation, and redressability." *Id.* at 800.

The case-or-controversy requirement continues throughout all stages of the proceeding even if the plaintiff had a personal stake in the ultimate disposition of the case when the lawsuit was filed.   *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013).   "There is thus no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."   *Id.*   (quotation omitted).

B.   <u>Analysis</u>

Ms. Haws's Complaint [1] seeks the enrollment of her grandchildren at schools in the District.   *See* Compl. [1] at 5.   It appears to be beyond dispute that the District has received the Juvenile Court order that it requested, that Ms. Haw's ability to enroll the children in the District now and in the future has been established, and that the children are in fact enrolled in the District for the current school year.   *See, e.g.,* Ex. [1-1] (redacted school records); Ex. [1-2] (redacted 2023-23 enrollment forms).   Defendants have presented undisputed evidence that Ms. Haws has received the remedy that she sought, and Ms. Haws has not responded to

the Motion [8], the Court's Order [10], or otherwise attempted to argue that this case is not moot. *See* Ex. [1-1]; Ex. [1-2]; Compl. [1]. Because the record indicates that there is no longer a live case or controversy, the case must be dismissed without prejudice. *See Chafin*, 568 U.S. at 172; *Servicios Azucareros de Venezuela, C.A.*, 702 F.3d at 799.

To the extent Ms. Haws continues to possess a legally cognizable interest in the outcome of any claims that she initially asserted in the Complaint [1], the Court finds that those claims should be dismissed without prejudice for failure to prosecute. A district court has authority under Federal Rule of Civil Procedure 41 and under its inherent authority to manage its docket to dismiss an action sua sponte for failure to prosecute or comply with a court order. *See, e.g., Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018).

The Court ordered Ms. Haws to file a written response by October 31, 2022, showing cause why this case should not be dismissed. *See* Order [10] at 2-3. She did not comply with the Court's Order [10], and the time to do so has passed. *See id.* It is apparent that Ms. Haws no longer wishes to proceed with this case. To the extent that any Article III case or controversy remains, Ms. Haws's claims will be dismissed without prejudice for failure to prosecute.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [8] to Dismiss for Lack of Jurisdiction filed by Defendants Pascagoula-Gautier School

District and Melissa D'Angelo on August 10, 2022, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Denice Haws's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 2nd day of November, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE